**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **WANDA BYRD,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:07-0704** |
| | ) | **(Criminal No. 5:06-0115)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 5, 2007, Movant, acting *pro se*,[1] filed her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[2] (Document No. 43.) As grounds for *habeas* relief, Movant alleges as follows:

(1) Counsel's substandard performance prejudiced Petitioner's final outcome. Petitioner suffers from a mental health illness with clinical diagnosis, yet counsel denied her psychological evaluations.

(2) Petitioner was incompetent to make a knowingly plea. Petitioner's mental health state prevented her from making a lawful plea. Plea was obtained without lawful understanding.

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On August 29, 2006, Movant pled guilty to Count One of the Indictment in Criminal Action No. 5:06-0115 charging her with escape from custody in violation of 18 U.S.C. § 751(a). (Criminal Action No. 5:06-0115, Document Nos. 27 and 28.) On November 6, 2006, the District Court sentenced Movant to a 21-month term of incarceration to be followed by a three-year term of supervised release. (*Id.*, Document Nos. 36 and 38.) The District Court also imposed a $100 special assessment. (*Id.*) An Amended Judgment Order was entered on November 20, 2006, to correct a clerical error. (Document No. 40.) Movant did not appeal her sentence to the Fourth Circuit Court of Appeals. Movant was released from custody on August 4, 2009, and began serving her term of supervised release.

      (3)      Prosecution failed to disclose Petitioner's psychological disorders. Withholding this evidence and not ensuring Petitioner's competency is in violation.

(Id., p. 4.) In support of her Motion, Movant has filed copies of her medical records as Exhibits. (Documents Nos. 48, 50, and 52.)

By Order entered on October 21, 2010, the undersigned directed the United States to file an Answer to Movant's claims as set forth in her Section 2255 Motion and Memorandum in Support. (Document No. 64.) On December 20, 2010, the United States filed a "Motion to Have Court To Inquire of Movant's Intentions." (Document No. 70.) The United States requested this Court to "inquire of Movant whether she desires to continue to pursue her motion filed under 28 U.S.C. § 2255, as the practical benefits sought by that motion have already been largely or completely accomplished." (Id., p. 1.) In support of the Motion, the United States stated as follows:

    1.    Movant filed her motion on November 5, 2007, and supplemented it in 2008, all while in the custody of the Bureau of Prisons, but she has since been released from custody - apparently during August, 2009.

    2.    The undersigned has been advised that Movant is currently under two concurrent terms of supervised release which end in August, 2012. One term is for her conviction of embezzlement in the Western District of Oklahoma, while the other term is for her conviction of escape in the Southern District of West Virginia.

    3.    It appears that Movant has paid her $100 special assessment on her conviction in this district, and that she has no further financial obligation on that conviction.

    4.    Considerable judicial and other resources could be saved if, in fact, Movant no longer wishes to proceed herein and this matter were dismissed.

(Id., pp. 1 - 2.) By order entered on December 22, 2010, the Court granted the United States' Motion and directed Movant to notify the Court by January 7, 2011, as to whether she desires to continue to pursue her motion filed under 28 U.S.C. § 2255. (Document No. 71.) The Court notified Movant

that failure to respond to the Order would result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia. (Id.) Movant has not responded to the Court's Order that was entered one month ago. Accordingly, the undersigned has determined that Movant has failed to take any steps to prosecute this action, and therefore, Movant's Motion in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[3] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Movant's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication upon the merits.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to Movant. The United States filed a Motion requesting the "Court to inquire of Movant whether she desires to continue to pursue her motion filed under 28 U.S.C. § 2255, as the practical benefits sought by that motion have already been largely or completely accomplished." (Document No. 70.) The Court granted the United States' Motion noting that Movant had been released from custody. The Court directed Movant to notify the Court of her intentions by January 7, 2011. Movant has not responded to the Court's Order that was entered a month ago. Movant, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Movant has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the United States will be prejudiced by dismissal of Movant's Motion.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Movant that should not be invoked lightly.[4] The particular circumstances of this case, however, do not warrant a lesser sanction. An

[4] The Court further notified Movant that pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." (Document No. 71.)

assessment of fines, costs, or damages against Movant would be futile in view of Movant's total failure to respond. Moreover, explicit warnings of dismissal would be ineffective in view of Movant's failure to respond to the undersigned's Order entered on December 22, 2010, advising Movant that the District Court possesses the inherent power to dismiss an action for a *pro se* Movant's failure to prosecute *sua sponte*.[5] (Document No. 71.) Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Movant is able to show good cause for her failure to prosecute.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

[5] There is no indication that the Court's Order was returned as undeliverable.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: January 21, 2011.

R. Clarke VanDervort
United States Magistrate Judge